# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                              Plaintiff,<br>     vs.<br>DARRYL ANGELO WILSON,<br><br>                              Defendant. | CASE NO. 14CR2625/16CV1116-LAB<br><br>**ORDER DENYING MOTION TO VACATE SENTENCE** |

Darryl Angelo Wilson pled guilty to conspiracy to distribute cocaine in violation of 21 U.S.C. § 841(a)(1), and was to sentenced to 120 months in custody in July 2015. His sentence was enhanced because he had previously been convicted of two "controlled substance offenses," which denominated him a Career Offender under the Sentencing Guidelines. *See* United States Sentencing Guidelines ("USSG"), § 4B1.1(a) and § 4B1.2 (defining the term). Wilson waived his right to appeal in exchange for sentencing concessions from the government, so his sentence became final when the Court signed the Judgment on July 13, 2015.

Wilson has now filed a motion under 28 U.S.C. § 2255, contending that the Supreme Court's recent ruling in *Johnson v. United States*, __ U.S. __, 135 S. Ct. 2551 (2015) requires that his sentence be vacated. In *Johnson*, the Court held that part of the Armed Career Criminal Act, 18 U.S.C. § 924(e) – in particular, language in the so-called "residual clause" that authorized a sentence enhancement based on a finding that a defendant's prior

conviction "present[ed] a serious potential risk of physical injury to another" – was unconstitutionally vague and could not be relied on to support a sentence enhancement.

But the holding in *Johnson* doesn't implicate the definition of "controlled substance offense" in section 4B1.1(a) of the Sentencing Guidelines because that definition does not include the forbidden residual clause language. Instead, section 4B1.2(b) says a "controlled substance offense" is one that prohibits manufacturing, importing, exporting, distributing, dispersing, or offering to sell a controlled substance or possessing a controlled substance with the intent to do the same. Enhancing a defendant's sentence because he has been convicted of a prior controlled substance offense is proper when the elements of the prior conviction match the generic definition of "controlled substance offense" under the section 4B1.2(b) definition. *Taylor v. United States*, 495 U.S. 575, 602 (1990).

Before he was sentenced in this case, Wilson was convicted of selling cocaine in violation of California Health & Safety Code § 11352(a), and of conspiring to distribute cocaine in violation of 21 U.S.C. § 841(b)(1)(A). PSR[1] at 10. This Court previously found that both offenses matched the generic federal definition of a "controlled substance offense" – the federal offense categorically and the state offense under the modified categorical test of *Taylor*. *See United States v. Lee*, 704 F.3d 785, 790 (9th Cir. 2012) (violation of H&S §11352(a) by selling cocaine base falls squarely within the definition of "controlled substance offense"); *United States v. Stewart*, 761 F.3d 993, 996 (9th Cir. 2014) (treating 21 U.S.C. § 841(a)(1) as a "controlled substance offense"); *United States v. Carr*, 56 F.3d 38 (9th Cir. 1995) (same). *See also United States v. Shumate*, 329 F.3d 1026, 1029 (9th Cir. 2003) (*"*controlled substance offense" includes conspiring to commit the offense; § 4B1.2, comment (n.1)).

/ / /
/ / /
/ / /

---

[1] "PSR refers to the Presentence Report filed in Wilson's case on February 19, 2015.

*Johnson* is inapposite to Wilson's case – the Court didn't rely on any version of any "residual clause" in imposing his sentence.  His motion is **DENIED**.

**IT IS SO ORDERED**.

DATED:  October 27, 2016

*Larry A. Burns*

**HONORABLE LARRY ALAN BURNS**
United States District Judge