UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA,<br><br>　　　　　　　Plaintiff,<br><br>vs.<br><br>DARRYL ANGELO WILSON,<br><br>　　　　　　　Defendant. | CASE NO. 14cr2625-LAB<br><br>**ORDER DENYING MOTION FOR REDUCTION OF SENTENCE UNDER 18 U.S.C § 3582(c)(1)(A)**<br>**[Dkt. 145]** |
|---|---|

　　　In 2015, Darryl Angelo Wilson pled guilty to conspiracy to distribute cocaine in violation of 21 U.S.C §§ 841(a)(1) and 846. The Court imposed a total custodial sentence of 120 months, followed by ten years of supervised release. Wilson is scheduled to be released from Bureau of Prisons ("BOP") on March 24, 2023. He now moves for a reduction of sentence under 18 U.S.C. § 3582(c)(1)(A), under which a court may modify a defendant's term of imprisonment if it concludes that "extraordinary and compelling reasons" warrant a reduction after considering the factors set forth in 18 U.S.C. § 3553(a).

　　　Wilson urges the Court to reduce his sentence to time served because he suffers from obesity, esophageal reflux disease, hypertension, prediabetes, diverticulosis, sleep apnea, and hemorrhoids—all of which, he argues,

increase his risk of contracting COVID-19. (Dkt. 145 at 1–2). The Government opposes his Motion, asserting that he doesn't have a "serious physical or medical condition" within the meaning of the Sentencing Commission's policy statement, and none of his conditions constitute a reason so "extraordinary and compelling" that they "substantially diminish[ ]" his ability to provide self-care in a correctional facility or is a condition from "which he is not expected to recover." U.S.S.G. § 1B1.13, cmt. n.1(A)(ii).

Wilson's physical and medical conditions aren't extraordinary and compelling reasons justifying a modification of his sentence. Esophageal reflux disease, diverticulosis, sleep apnea, and hemorrhoids aren't among the health conditions known to increase risk for severe COVID-19 infection. *See* CDC, *People with Certain Medical Conditions*, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (accessed Oct. 14, 2021). And while his obesity, hypertension, and borderline diabetes may increase his risk of becoming ill from COVID-19, his conditions are far from severe or extraordinary.[1] (*Id.*). Wilson's BMI is 30.9, which technically qualifies him as obese, but his reported weight puts him just slightly over the obesity threshold. (Dkt. 145-1, Ex. 4). And his medical records demonstrate a steady weight loss trend between August and November 2020, not to mention that he has received regular health monitoring while in custody. (*Id.*, Exs. 3, 5–9). Moreover, the record also reflects that Wilson has borderline diabetes and his hypertension is well-managed by BOP with prescription medication. (*Id.*, Ex. 3). Lastly, Wilson has already had and recovered from COVID-19, though he argues that he "remains at risk of infection." (Dkt. 148 at 10). However, his medical records indicate that

---

[1] Nor does the Court consider Wilson's request for a "non-emergent" colonoscopy sufficiently extraordinary or compelling to justify his release from prison. (*See* Dkt. 145 at 6).

he no longer experiences any COVID-19 symptoms. (Dkt. 147-3). And given that the CDC now understands reinfection to be "rare," his prior infection doesn't support the conclusion that he must be released from prison to protect him from reinfection. *See* CDC, *Reinfection with COVID-19*, https://www.cdc.gov/coronavirus/2019-ncov/your-health/reinfection.html (last accessed Oct. 14, 2021).

Wilson hasn't demonstrated that these conditions substantially diminish his ability to provide self-care or that he can't be effectively treated within the correctional facility. U.S.S.G. § 1B1.13, App. Note 1(A)(ii)(I). Wilson likewise hasn't established that FCI La Luna, where he is currently located according to the BOP website, is unable to safeguard his health during the remainder of his sentence. To the contrary, his medical records establish that his conditions have been properly managed by the BOP, (Dkt. 145-1, Exs. 3, 5–9), which has undertaken various measures to protect the health of the inmates incarcerated in its facilities, *see* Bureau of Prisons, *A BOP COVID-19 Overview*, https://www.bop.gov/coronavirus/overview.jsp#bop_emergency_response (last accessed Oct. 14, 2021). Indeed, distribution of vaccines to inmates at BOP facilities is well underway, *id.*, and currently none of the 990 inmates at FCI La Luna have active COVID-19 cases, Bureau of Prisons, *BOP: COVID-19 Update*, https://www.bop.gov/coronavirus/ (last accessed Oct. 14, 2021). These circumstances mitigate the risk that Wilson will contract COVID-19 again or any another life-threatening illness.

The Court finds that the § 3553(a) factors continue to support the imposition of Wilson's original sentence. His offense–conspiracy to distribute at least 500 grams of cocaine–was unquestionably serious. And his long history of criminal convictions, including for possession of a controlled substance, conspiracy to distribute cocaine, and possession of a firearm, provides little reassurance that releasing Wilson would be consistent with

protecting the public from potential future criminality. (Dkt. 66 ¶¶ 40–57 (listing, *inter alia*, six convictions for possession of a firearm, possession of marijuana, driving with a suspended license, transportation or sale of a controlled substance, and conspiracy to distribute cocaine)). The seriousness of Wilson's most recent offense and his criminal history weigh heavily against early release and predominate over considerations of his medical conditions. Considerations of specific deterrence under § 3553(a)(2)(B) and protection of the public under § 3553(a)(2)(C) support leaving Wilson's original sentence undisturbed.

    Wilson has not demonstrated "extraordinary and compelling reasons" to warrant a reduction of sentence. His motion for early release is **DENIED**.

    **IT IS SO ORDERED**.

Dated: October 15, 2021

*(signature)*

**HONORABLE LARRY ALAN BURNS**
United States District Judge